# John Richards *et al. versus* Putnam J. Farnham *et al.*

In an action of the case the declaration alleged, that the defendants conspired together to put clandestinely on board the plaintiffs' vessel a quantity of tobacco, for the purpose of smuggling in a foreign country, that it was secretly put on board in pursuance of the conspiracy and was carried in the vessel from Boston to Cronstadt in Russia, that the laws of Russia required that all the goods on board should be entered at the custom-house, that the defendants fraudulently neglected to enter the tobacco and concealed from the master of the vessel the fact that it was on board, that the fraud was discovered by the custom-house officers of Cronstadt, and that in consequence thereof a fine was imposed upon the master, and the vessel was not allowed to clear out or sail from Cronstadt until the fine was paid, and so was detained a long time, and the plaintiffs in consequence thereof were put to great expense, in order to procure the liberation of the vessel, and that they suffered additional loss by the detention of the vessel. Upon a motion in arrest of judgment, after a verdict for the plaintiffs, it was *held*, (taking into view the operation of a verdict in curing defects in a declaration,) that although an intended fraud upon the revenue laws of Russia would give the plaintiffs no cause of action, yet that it was properly laid by way of inducement, to show how the fraud and conspiracy tended to injure and did in fact injure the plaintiffs:—

That the ground on which the fine was imposed, was stated with sufficient precision:—

That there was a sufficient allegation of an actual violation of the laws of Russia:—

That by the custom-house officers of Cronstadt must be understood officers having competent authority to enforce the laws of Russia, and exercising *de jure* or *de facto* that authority:—

That although it was not distinctly averred, that by the acts of the defendants the master became liable to a penalty and the vessel to seizure, it must be presumed to have so appeared in proof. since otherwise there was no connexion between the fraud of the defendants and the punishment of the master:—

That the declaration having alleged as consequences of the fraud and of the violation of the laws of Russia, that the fine was imposed, that the vessel was not allowed to clear out or sail until the fine was paid, that she was detained a long time, and that the plaintiffs were put to great expense to procure her liberation, it must be presumed that these consequences were proved, and that the fine was paid, not voluntarily, but under legal compulsion, and rather as a penalty upon the plaintiffs, through their property, than as a personal penalty upon the master:—

And that the statement of the law of Russia in general terms, was sufficient.

In an action of tort, after a verdict for the plaintiff, it will be presumed that the damages were assessed according to the case proved; and if circumstances are alleged by way of aggravation, which are not proper for consideration, it will be presumed that no damages were given on such ground.

This was an action on the case against four persons, namely, Farnham, Frye, Flagg and Moore. The declaration contained numerous counts, all for the same cause of action. At the argument before the full Court, the seventh count was more particularly the subject of remark.

Richards
*v.*
Farnham.

This count alleges, that on May 1, 1825, the plaintiffs were the owners of a vessel called the Carib, then preparing to sail for Fayal and a port or ports in the Baltic sea, and that Flagg and Moore had engaged with the plaintiffs to ship as seamen on board the vessel for that voyage, which was well known to Farnham and Frye ; that the defendants and one Lopez conspired together clandestinely to ship twenty-four kegs of tobacco and twenty boxes of cigars on board the vessel, with intent to transport the same on board thereof, and to defraud the plaintiffs of the freight which they were reasonably entitled to receive for all goods transported on board the vessel, and also with intent to smuggle the same on shore in the ports, or some of them, whither the vessel was bound, and to avoid the payment of the duties to which the tobacco and cigars were liable by the laws of the governments to which those ports were subject ; that Farnham, Frye and Lopez, in pursuance of the conspiracy, furnished Flagg and Moore with the tobacco and cigars for the purpose of having the same secreted on board of the vessel and transported on board thereof, and that Flagg and Moore, in pursuance of the conspiracy, received the tobacco and cigars from Farnham, Frye and Lopez, and concealed the same on board the vessel, with intent to transport the same on board thereof, and to defraud the plaintiffs of the freight &c., and with intent to smuggle the same on shore in the ports, or some of them, whither the vessel was bound, and to avoid the payment of the duties to which the articles were subject by the laws of the government to which those ports belonged ; that the plaintiffs, being ignorant of the shipment and concealment of the tobacco and cigars, the vessel sailed on May 15, 1825, from Boston, on her intended voyage ; that the master of the vessel, having discovered twelve kegs of the tobacco after her departure from Boston, discharged them at Copenhagen, and that he was unable to find the cigars and the residue of the tobacco, though he made diligent inquiry, after the twelve kegs of tobacco had been discovered ; that the vessel, in the prosecution of the voyage, afterwards arrived at the port of Cronstadt in the empire of Russia, and that it was required by the laws of that empire

Richards
*v.*
Farnham.

that an entry should be made at the custom-house of the port of Cronstadt, of all the articles of merchandise on board the vessel, but that Flagg and Moore, notwithstanding they well knew of the existence of those laws, did, in pursuance of the conspiracy, fraudulently and deceitfully neglect to make an entry of the tobacco and cigars at the custom-house of Cronstadt, and did also conceal from the master of the vessel, all knowledge that the tobacco and cigars were on board thereof, so that the same could not be duly entered at the custom-house of Cronstadt by the master ; that the fraud so practised by the defendants and Lopez against the revenue laws of the empire of Russia, was afterwards discovered by the custom-house officers of the port of Cronstadt, and that in consequence thereof a fine or penalty was imposed upon the master of the vessel, equal to five times the amount of the duties to which the tobacco and cigars were liable, and the vessel was not allowed to clear out or sail from Cronstadt until the fine or penalty was paid, and so was detained a long time, and the plaintiffs, in consequence thereof, were put to great expense in order to procure the liberation of the vessel, and were obliged to pay a large sum, to wit, 6000 dollars ; that by reason of the detention the vessel was delayed twenty-six days, and thereby the plaintiffs sustained additional loss and damage, to wit, to the amount of 600 dollars ; and so the defendants and Lopez deceitfully injured and defrauded the plaintiffs.

Some of the counts allege, by way of aggravation of damages, injury to the feelings and reputation of the plaintiffs.

After a general verdict for the plaintiffs, a motion was made by Farnham and Frye, to arrest the judgment, on several grounds.

As objections to the seventh count, the motion states, that this count charges that the defendants and Lopez conspired secretly to ship on board the Carib tobacco and cigars, with intent to defraud the plaintiffs of freight, and with intent to smuggle and avoid the payment of duties ; which intent to smuggle and avoid duties is no ground of action for the plaintiffs ; further, that in this count it is not alleged, and does not appear, upon what ground, or for what cause, the

Richards
v.
Farnham.

fine or penalty was imposed upon the master ; or that he was subjected to the fine or penalty for the alleged omission to enter the tobacco ; or that there was any law of Russia subjecting him to any fine or penalty for such omission ; or that the fine or penalty was imposed on him by any lawful tribunal having competent authority ; or that there was any law prohibiting the vessel from clearing out from Cronstadt until the fine was paid ; or that the vessel was prevented from clearing out from that port until the fine was paid, or that she was detained, by any lawful authority, or by reason of the omission to enter the tobacco, or by reason of the fine or penalty imposed upon the master.

In regard to other counts, it is objected in the motion, that the plaintiffs claim damages for the loss of freight which they might have earned, and for injury to their feelings and character, which furnish no ground of damage, but the jury, having found damages generally, are supposed to have found according to the allegations of the plaintiffs.  It is also objected, that the law, by which it is alleged that an entry of the tobacco was required, is not set out with sufficient certainty, so that the court can notice the same ; and further, that it is not alleged and does not appear that the alleged seizure of the vessel was made by any lawful authority, or by any officer of the government of Russia.

April 2d,
1832.

Fletcher, D. A. Simmons and Gay supported the motion. To show that the seventh count was fatally defective, they cited Stilson v. Toby, 2 Mass. R. 521 ; Kingsley v. Bill, 9 Mass. R. 198 ; Hemmenway v. Hickes, 4 Pick. 497 ; Rex v. Ramsbottom, 5 Price, 447 ; King v. Everett, 8 Barn. & Cressw. 117 ; Spieres v. Parker, 1 T. R. 145 ; Rushton v. Aspinall, 2 Doug. 679 ; Bishop v. Hayward, 4 T. R. 470 ; Max v. Roberts, 12 East, 89 ; 1 Wms's Saund. 228 c, note ; Jackson v. Pesked, 1 Maule & Selw. 234 ; Williams v. Hingham &c. Turnp. 4 Pick. 341 ; Cook v. Cox, 3 Maule & Selw. 110 ; Bartlett v. Crozier, 17 Johns. R. 456.

To the objection, that the law of Russia was not set forth with sufficient certainty, they cited 1 Chit. Pl. (1st edit.) 221 ; Male v. Roberts, 3 Esp. R. 163 ; Boehtlinck v. Schneider, ibid. 58 ; 1 Campb. 65, note ; Thompson v. Ketcham,

8 Johns. R. 149 ; *Bohtlingk* v. *Inglis*, 3 East, 381 ; *Talbot* v. *Seeman*, 1 Cranch, 1, 38 ; *Church* v. *Hubbart*, 2 Cranch, 187, 237.

To the point that, the verdict being general, the jury may have given damages for the loss of freight which might have been earned, and for the alleged injury to the feelings and character of the plaintiffs, which were not legal grounds for damages, and therefore the judgment ought to be arrested, they cited *Biggs* v. *Benger*, 2 Ld. Raym. 1372 ; *Baker* v. *Bache*, ibid. 1382 ; 1 Chit. Pl. (1st edit.) 387 ; *Hambleton* v. *Veere*, 2 Wms's Saund. 170, and note 1 ; *Gilbert* v. *Field*, 3 Caines's R. 329 ; 5 Dane's Abr. 228, § 9, and 229, § 14.

*S. Hubbard* and *W. J. Hubbard*, for the plaintiffs, contended that in each of the counts a good title was set forth, and that the defects, if any, in stating it, were cured by the verdict. *Smith* v. *Elder*, 3 Johns. R. 105 ; 2 Tidd's Pr. (2d Amer. edit.) 826 ; *Stennel* v. *Hogg*, 1 Wms's Saund. 227, and note ; *Mackmurdo* v. *Smith*, 7 T. R. 518 ; *Avery* v. *Hoole*, Cowp. 825 ; *Huntingtower* v. *Gardiner*, 1 Barn. & Cressw. 297 ; *Ward* v. *Bartholomew*, 6 Pick. 413 ; *Da Costa* v. *Clarke*, 2 Bos. & Pul. 259.

As to the grounds of damages, they cited *Hartley* v. *Herring*, 8 T. R. 130 ; *Moore* v. *Meagher*, 1 Taunt. 39 ; 2 Chit. Pl. (1st edit.) 246, 252, 283 ; 1 Chit. Pl. 373 ; 2 Wms's Saund. 74 *b* ; *Steele* v. *Western, I. L. Navigation*, 2 Johns. R. 283 ; *Lloyd* v. *Morris*, Willes, 443.

SHAW C. J. delivered the opinion of the Court. As it *March 11th.* sufficiently appears that the evidence applied to one count as well as another, and that they are all for the same cause of action, the plaintiffs have a right to take their judgment upon either count, therefore if either of the counts is good, there is no sufficient cause to arrest the judgment. The parties having applied their arguments principally to the seventh count, we have confined our attention more particularly to that count.

One of the objections to this count relied upon is, that it charges the defendants with having conspired to secrete the tobacco on board the plaintiffs' vessel, with intent to smuggle the same into a foreign country and avoid the pay-

Richards
*v.*
Farnaam.

ment of duties, which intention to smuggle and avoid duties, is no ground of action for the plaintiffs.

The gravamen is, the fraudulent conspiracy, and the actual concealment of goods on board the plaintiffs' vessel, bound to a foreign country, where the introduction of such goods under such circumstances would expose the vessel to peril and penalties, detention and expense ; and the intended fraud upon the revenue laws of Russia, or some other foreign power, was the means by which the plaintiffs' property was thus exposed to peril, and subjected to damage. Of itself and independently of its connexion with the plaintiffs' property, an intended fraud, or an actual fraud upon the revenue laws of Russia, would afford them no cause of action or ground of complaint. It is laid merely by way of inducement to show how the conspiracy and fraud of the defendants tended to injure and did in fact injure the plaintiffs.

Another ground of arrest of judgment insisted on is, that it is not alleged upon what ground, or for what cause, the fine or penalty was imposed &c.

But we think the declaration is sufficiently precise and particular in this respect, to be good after verdict. Many defects which would render a count bad on demurrer, are remedied by a verdict.

The count sets out the conspiracy, the fraudulent intent to conceal the tobacco on board the plaintiffs' vessel and smuggle the same and avoid the payment of duties, the actual delivery of it on board, the actual concealment, and the arrival of the vessel with the property thus concealed, studiously concealed, so that the master could not find it after diligent search and, in fact, was ignorant of its being on board, at the port of Cronstadt in Russia. It then avers that it was required by the laws of the empire of Russia, that an entry should be made at the custom-house there, of all articles of merchandise on board the vessel, that Flagg and Moore well knew of the existence of such law, but fraudulently and deceitfully neglected to enter the tobacco and cigars, and concealed from the master all knowledge that the tobacco and cigars were on board, so that the same could not be duly entered by the master. Here is a sufficient allegation

of an actual violation of the laws of Russia, and an actual fraud upon the revenue laws of that country. The count then proceeds to aver, that the fraud so practised by the defendants was afterwards discovered by the custom-house officers of the port of Cronstadt. By this general designation must be understood officers having competent authority to enforce the laws of that country and to perform the executive and judicial functions necessary and proper to carry them into effect. After verdict, it must be presumed, that it was satisfactorily proved that these persons were officers *de jure* or *de facto*, exercising these powers.

The count then further avers, that *in consequence* thereof, that is, of all the proceedings before stated, to wit, the practice of the fraud and the discovery of it, a *fine* or *penalty* was imposed upon the master of the vessel. Here, we think, the rule already cited applies, that a defective averment, after verdict, will be helped, upon the known principle, that it must be presumed to have been proved, in that sense that will support the verdict. It is not distinctly averred, that by the act of the seamen the master became liable to a penalty and the vessel to seizure ; but it must have so appeared in proof, otherwise there was no connexion between the fraud of the seamen and the punishment of the master. This is the more natural and probable, as the sense in which the averment must have been understood at the trial is consonant to the laws of almost all commercial countries. *Respondeat superior*, is a maxim that applies not only to masters of vessels, but to many other cases. The master, upon an obvious principle of policy, is held responsible both for the conduct of the men, and the management of the property, under his control. When therefore the declaration alleges that a fraud was practised on board a vessel, and that it was discovered by officers whose duty it is to execute the law, and that in consequence thereof a fine or penalty was imposed on the master, and the vessel was detained, the inference is irresistible, that the fine was incurred and the detention occasioned by the force and operation of the law, and for the punishment of such fraud. " Fine " and " penalty " are technical, and must necessarily be understood to be incurred

by a violation of law. The words, "in consequence thereof," apply to and qualify the subsequent clauses in the count. It therefore alleges, that in consequence of the violation of the laws of Russia, and the fraud upon her revenue laws, practised on board the plaintiffs' vessel, against the will and knowledge of the master, the fine was imposed, the vessel was not allowed to clear out or sail from the port of Cronstadt till the fine was paid, was detained a long time, and the plaintiffs in consequence thereof were put to great expense to procure the liberation of the vessel and obliged to pay a large sum. These are all set out as in fact the necessary consequences of a violation of the laws of Russia. After verdict, it must be presumed that these consequences were proved to have been occasioned by a violation of the laws, and that they were not sums voluntarily paid, but actually paid under legal coercion. Had the fine upon the master been for any personal misconduct or wilful violation of law, it would have laid no ground of claim for the plaintiffs. But when it is said that it was imposed on him merely in respect to his situation of master, and agent for the owners of the vessel, in the proper course of his employment, that their vessel was detained till it was paid, and that they were compelled to pay a large sum of money to procure her liberation, it looks much more like a penalty upon the vessel, and through the property, upon the owners, than a personal penalty upon the master. The question on a motion in arrest of judgment is, whether all the material facts are averred, which are necessary to enable the plaintiff to maintain his action ; if they are, although defectively stated, still the judgment will not be arrested, because it would be presumed that these necessary facts were proved at the trial, though such declaration would be bad on demurrer. But if any fact material to the plaintiff's case is wholly omitted, no such presumption will arise, the defect will not be cured by the verdict, and the judgment will be arrested. Here no material fact is omitted ; the most that can be said is, that the facts are not stated with so much accuracy and precision as they might be ; and we think therefore that this ground of the motion in arrest of judgment is not sustained

It is objected that the laws of Russia are not set out with sufficient certainty and particularity. Laws of foreign countries are to be stated and proved as facts, and may be pleaded, traversed, put in issue, like any other facts. The laws of Russia are stated in this count in general terms, and that is sufficient. With the mode in which they were proved, we have nothing to do, upon this motion ; it is to be presumed that they were satisfactorily proved. We can perceive no reason why the law, as thus stated, could not have been traversed. *Smith* v. *Elder*, 3 Johns. R. 105.

In regard to the averment of injury to feelings and reputation, as an aggravation of damages, we think it affords no ground for arresting the judgment. In tort, if sufficient cause of action is proved, though not all which is laid in the declaration, the plaintiff is entitled to recover, and the damages will be assessed according to the case proved. After verdict, therefore, it will be presumed that the damages were assessed according to the case proved. If then circumstances are alleged by way of aggravation of damages, which are not proper to be taken into consideration, such averments will be regarded as surplusage, and it will be presumed that no damages were given on such ground.

*Judgment according to verdict.*